UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR VALLADARES,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security; PAMELA BONDI, U.S. Attorney General; and DONALD J. TRUMP, U.S. President,<br><br>Respondents. | Civil Action No. 1:25-cv-13271-IT |

MEMORANDUM & ORDER

December 23, 2025

TALWANI, D.J.

Pending before the court is Petitioner Hector Valladares Amended Petition for Writ of Habeas Corpus [Doc. No. 15] and Respondents' Notice of Intent to Transfer to Effectuate Removal Order [Doc. No. 19] requesting that the court vacate its Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 3] restricting Petitioner's transfer from Massachusetts. For the reasons set forth below, the Amended Petition [Doc. No. 15] is GRANTED, and Respondents' request [Doc. No. 19] to vacate the court's Order [Doc. No. 3] is DENIED.

**I.  Background**

Petitioner, a native and citizen of El Salvador, is currently detained by U.S. Immigration

and Customs Enforcement ("ICE") at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Am. Pet. ¶¶ 1, 8 [Doc. No. 15]; Decl. of Keith Chan ¶¶ 6, 11–12 [Doc. No. 18-1] ("Chan Decl.").

On or about November 2, 2005, Petitioner entered the United States without inspection and was detained by the Immigration and Naturalization Service ("INS"). Am. Pet. ¶ 20 [Doc. No. 15]; Chan Decl. ¶ 7 [Doc. No. 18-1]. That day, INS issued a Notice to Appear to Petitioner, "charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)." Chan Decl. ¶ 8 [Doc. No. 18-1]. INS also issued Petitioner a Notice of Custody Determination, under which Petitioner was released on his own recognizance. Id.; see Am. Pet. ¶ 20 [Doc. No. 15].

On or about May 3, 2007, Petitioner did not appear for a hearing in his removal proceedings at the Boston Immigration Court. Chan Decl. ¶ 9 [Doc. No. 18-1]; Am. Pet. ¶ 21 [Doc. No. 15]. Petitioner asserts that, because he is "illiterate in both English and Spanish[,]" he "could not read the hearing notice that set his Individual Hearing for May 3, 2007[,]" and therefore failed to attend the hearing. Am. Pet. ¶ 21 [Doc. No. 15]. "On or about May 4, 2007, an immigration judge ordered Petitioner removed in absentia, subjecting Petitioner to a final order of removal." Chan Decl. ¶ 10 [Doc. No. 18-1]; see Am. Pet. ¶ 22 [Doc. No. 15].

Petitioner continued to reside in the United States "without incident." Am. Pet. ¶ 23 [Doc. No. 15]. On or about November 4, 2025, ICE agents encountered Petitioner at his place of employment in Allston, Massachusetts. Id. ¶ 24. After completing a "records check," ICE detained Petitioner upon discovery of his 2007 final removal order. Chan Decl. ¶ 11 [Doc. No. 18-1]; see Am. Pet. ¶ 25 [Doc. No. 15]. In his Amended Petition [Doc. No. 15], Petitioner indicated that he "fears returning to his home country of El Salvador and is in the process of preparing a motion to reopen his removal proceedings based on lack of notice." Id. ¶ 26.

2

On December 18, 2025, prior to Petitioner filing such a motion, Respondents filed a notice stating their intent to transfer Petitioner from the District of Massachusetts on December 24, 2025, "to stage Petitioner prior to effectuating [his] final order of removal to occur on or after January 4, 2026, with removal to El Salvador." Notice of Intent to Transfer to Effectuate Removal Order 1 [Doc. No. 19]. To facilitate the transfer and removal of Petitioner, Respondents sought vacatur of this court's November 5, 2025 Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 3], on the grounds that Petitioner is subject to a final order of removal, transfer is "necessary to effectuate Petitioner's final order of removal[,]" and, by statute, under 8 U.S.C. § 1252(g), this court lacks jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by [ICE] to . . . execute final removal orders against any alien[.]" Notice of Intent to Transfer to Effectuate Removal Order 1-2 [Doc. No. 19].

In response to the court's Order to Show Cause [Doc. No. 20] as to "why this court should not vacate its Order [Doc. No. 3] as requested by Respondents," Petitioner notified the court that he filed a motion to reopen his 2007 removal order on December 22, 2025. Pet'r's Resp. to the Court's Dec. 18, 2025 Order to Show Cause 1 [Doc. No. 21] ("Pet'r's Resp."); Pet'r's Resp. Ex. A, Resp't's Emergency Mot. to Reopen an In Absentia Order and Reopen Removal Proceedings [Doc. No. 21-1] ("Emergency Mot. to Reopen"). He contends, inter alia, that the filing of this motion to reopen triggers a mandatory stay of his removal under 8 U.S.C. § 1229a(b)(5)(C)(ii); that the court retains "clear habeas jurisdiction [over Petitioner's detention] under 28 U.S.C. § 2241" where "Petitioner is challenging the legality of his restraint, not merely the mechanics of his removal"; and that Respondents' intended transfer of Petitioner out of Massachusetts "would cause immediate and irreparable harm" by severing Petitioner's ties to his

counsel, on whom he has "total reliance" in light of his illiteracy. Pet'r's Resp. 1–4 [Doc. No. 21].

II.     Discussion

The court first addresses the threshold issue of its subject matter jurisdiction over Petitioner's habeas petition. Respondents correctly assert that, under 8 U.S.C. § 1252, district courts lack jurisdiction, including habeas jurisdiction, over final orders of removal. See 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal"); id. § 1252(b)(9) ("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section."); Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005) (plain language of 8 U.S.C. § 1252, as amended, "strips the district court of habeas jurisdiction over final orders of removal").

The court understands Petitioner's Amended Petition [Doc. No. 15] as a challenge to the fact of his detention itself, and not a challenge to the removal order. See id. ¶ 53 ("This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of Massachusetts, where his remote location would prevent him from adequately litigating his removal and bond proceeding. . . ." (emphasis added)). That Petitioner is not seeking relief from his removal order via his Amended Petition [Doc. No. 15] is further evidenced by his initiation of administrative proceedings to reopen that order and his removal proceedings through the immigration court system. See Emergency Mot. to Reopen [Doc. No. 21-1]. Thus, as another session in this District

4

has also concluded, where Petitioner "challenges only his ongoing detention[,]" "Section 1252(b)(9) does not strip this [c]ourt of jurisdiction to entertain his claims." Cakan v. McDonald, 2025 WL 1432752, at *6 (D. Mass. May 19, 2025) (citing Aguilar v. U.S. Immigr. & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 11–12 (1st Cir. 2007)). See Dep't of Homeland Sec. v. Regents of the Univ. of California, 591 U.S. 1, 19 (2020) (8 U.S.C. § 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." (citation modified)).

The jurisdictional issue thus resolved, the court turns to the parties' dispute as to the lawfulness of Petitioner's detention. Petitioner contests Respondents' characterization of his detention as lawful under 8 U.S.C. § 1231(a), under which "the Attorney General shall detain" noncitizens ordered removed. See Opp'n 7–8 [Doc. No. 18] (quoting 8 U.S.C. § 1231(a)(2)(A)). If a noncitizen subject to a final order of removal is not removed from the United States within the statutory ninety-day removal period, see 8 U.S.C. § 1231(a)(1)(A), ICE may either release the noncitizen under supervision, see 8 U.S.C. § 1231(a)(3), or continue to detain certain noncitizens under 8 U.S.C. § 1231(a)(6), including those who are inadmissible to the United States under 8 U.S.C. § 1182. See Johnson v. Guzman Chavez, 594 U.S. 523, 528–29 (2021). Respondents contend that "Petitioner falls within the scope of Section 1231(a)(6) because he is inadmissible to the United States under Section 1182(a)(6)(A)(i)[.]" Opp'n 8 [Doc. No. 18].

Petitioner contends that his detention is a "re-detention," rather than a continuation of detention, and is therefore not authorized by 8 U.S.C. § 1231(a)(6):

> Because the government released Petitioner on his own recognizance in 2005, by arresting him in 2025, ICE did not continue his detention but rather initiated a new detention (i.e., re-detained the Petitioner). ICE was not authorized to re-detain Petitioner pursuant to 8 U.S.C. § 1231(a)(6). . . . Section 1231(a)(6) and its

5

>concomitant regulation, 8 C.F.R. § 241.4, only authorize the <u>continuation</u> of the detention of noncitizen [sic] where the noncitizen had been in custody at the time of the entry of his removal order or was detained during the removal period pursuant to 8 U.S.C. § 1231(a)(2) and 8 C.F.R. § 241.3. Section 1231(a)(6) and 8 C.F.R. § 241.4 do not authorize the re-detention of a noncitizen, like Petitioner, who was previously released from custody unless the government shows by clear and convincing evidence that the noncitizen has become a danger to the community or flight risk.

Am. Pet. ¶¶ 44–45, 48–49 [Doc. No. 15]. Petitioner argues that where ICE has not made the requisite showing of his dangerousness or risk of flight by clear and convincing evidence, the agency lacks the authority to detain him. <u>Id.</u> ¶ 50.

The court need not resolve that dispute where Petitioner has now filed a motion to reopen his 2007 removal order based on his aforementioned claim of lack of notice, <u>see</u> Pet.'s Resp. 1–2 [Doc. No. 21]; Emergency Mot. to Reopen [Doc. No. 21-1], and his removal order is statutorily stayed pending the disposition of the motion by an immigration judge. 8 U.S.C. § 1229a(b)(5)(C)(ii). The statutory stay and the possibility of further review at the Board of Immigration Appeals ("BIA") impact the authority under which Petitioner can be detained, irrespective of whether his current detention should be characterized as a continuation of detention or a re-detention.

Section 1231(a)'s ninety-day removal period, described *supra*, begins on the latest of the following:

>(i)  <u>The date the order of removal becomes administratively final.</u>
>(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added). Here, where Petitioner's 2007 removal order is stayed and subject to a yet-undecided motion to reopen, the removal order is not "administratively final" within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i). <u>See, e.g.</u>, <u>Resheroop</u>

6

v. Garland, 577 F. Supp. 3d 180, 185 (W.D.N.Y. 2022) (petitioner's removal order "not administratively final within the meaning of 8 U.S.C. § 1231(a)(1)(B)(i)" while his appeal before the BIA remained pending and "there [was] no indication in the record that the BIA dismissed the appeal, the Petitioner waived appeal, that Petitioner [had] procedurally defaulted, or that the BIA or Attorney General issued a subsequent decision ordering removal."); Spaccarotella v. Jenifer, 202 F. Supp. 2d 725, 727 (2002) (BIA's "dismissal of Petitioner's appeal of [his] removal order . . . renders the order of removal final . . . and dictates that the INS is holding Petitioner pursuant to § 1231(a)").

Section 1231 is thus inapplicable to Petitioner while his removal order is stayed. Instead, where Petitioner is not subject to an "administratively final" removal order, and where Respondents have not alleged that Petitioner is otherwise subject to mandatory detention, Petitioner's detention is properly governed by 8 U.S.C. § 1226(a). See Brown v. Lanoie, 2014 WL 12586735, at *2–3 (D. Mass. Aug. 4, 2014) (interpreting both 8 U.S.C. § 1226(a) and 8 U.S.C. § 1231); see also Velasco Lopez v. Decker, 978 F.3d 842, 852 (2d Cir. 2020) ("Detention under § 1226(a) . . . continues until all proceedings and appeals are concluded."); D'Ambrosio v. McDonald, 793 F.Supp.3d 271, 276 (D. Mass. 2025) ("[U]ntil the reviewing court issues its final order, the noncitizen's detention is subject to § 1226(a), not § 1231."). The court expresses no view on any matters pertaining to Petitioner's motion to reopen his 2007 removal order.

Accordingly, Respondents' request for the court to vacate the November 5, 2025 Order Concerning Service of Petition and Stay of Transfer or Removal [Doc. No. 3], see Not. of Intent to Transfer to Effectuate Removal Order [Doc. No. 19], is DENIED. Petitioner's Amended Petition [Doc. No. 15] is GRANTED as follows: No later than December 31, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge

declines to conduct a bond hearing based on <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than January 5, 2026.

IT IS SO ORDERED.

December 23, 2025                                          /s/ Indira Talwani
                                                          United States District Judge