UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR VALLADARES,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, et al.,<br><br>Respondents. | Civil Action No. 1:25-cv-13271-IT |

### RESPONDENTS' STATUS REPORT

Respondents by and through their attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully submit this status report on the outcome of Petitioner Hector Valladares' bond hearing before the Immigration Court. On December 23, 2025, by Order, the Court granted the Petition for Writ of Habeas Corpus and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 by December 31, 2025 and to file a Status Report no later than January 5, 2026. ECF No. 22. In part, the Order states, "Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention." *Id*.

The bond hearing was held on December 31, 2025, before the Immigration Court. *See* Exhibit A, Order of the Immigration Judge, dated Dec. 31, 2025. The Immigration Judge conducted a bond hearing and denied release because his "motion to reopen has been filed and not yet adjudicated. The [Petitioner] is still under a final removal order entered in absentia. He is

ineligible for bond under INA 241 [8 U.S.C. § 1231]." *Id*. Undersigned counsel obtained and listened to the Digital Audio Recording; where Immigration and Customs Enforcement ("ICE") conceded that the Order gave the Immigration Judge jurisdiction to conduct a bond hearing, conceded that it could not show he is a danger to the community, and argued that he presents a flight risk, given that evaded U.S. immigration laws because he remained in the country for nearly 20 years under a final order of removal. The Immigration Judge noted that the motion to reopen remains pending, and although removal is stayed, he remains under an administratively final removal order, under 8 U.S.C. § 1231, and thus ineligible for bond. The Immigration Judge did not deny bond pursuant to *Matter of Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025).[1] The Immigration Judge issued the order attached as Exhibit A and reserved Petitioner's right to appeal the decision before the Board of Immigration Appeals.

Respondents respectfully submit that a bond hearing did occur, where ICE argued that he presents a flight risk, and did not raise *Matter of Hurtado* or detention pursuant to 8 U.S.C. § 1225. Nor did the Immigration Judge deny bond based on *Matter of Hurtado* or find that Petitioner is detained pursuant to 8 U.S.C. § 1225.

Dated: December 31, 2025              Respectfully submitted,

                                                         LEAH B. FOLEY
                                                         United States Attorney

                                      By:    */s/ Erica McMahon*
                                                Special Assistant United States Attorney
                                                United States Attorney's Office
                                                1 Courthouse Way, Suite 9200
                                                Boston, MA 02210

---

[1] The Immigration Judge asked that ICE file a response to the motion to reopen by January 5, 2025, and that she intends to rule on the motion the same day.

Tel.: 617-748-3271
Email: Erica.McMahon@usdoj.gov

**CERTIFICATE OF SERVICE**

    I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: December 31, 2025                 By: */s/ Erica McMahon*
                                                                  Special Assistant United States Attorney