UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR VALLADARES ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PATRICIA HYDE, Field Office Director, ) <br> TODD LYONS, Acting Director U.S. ) <br> Immigrations and Customs Enforcement, ) <br> and KRISTI NOEM, U.S. Secretary ) <br> of Homeland Security, PAMELA BONDI, ) <br> U.S. Attorney General, DONALD J. TRUMP, ) <br> U.S. President ) <br> ) <br> Respondents. ) <br> ) | Case No. 1:25-cv-13271-IT |

### PETITIONER'S MOTION FOR ORDER TO SHOW CAUSE AND FOR PETITIONER'S IMMEDIATE RELEASE

Petitioner Hector Valladares (hereinafter "Petitioner"), by and through counsel, respectfully moves this Court to order Respondents to show cause as to why they should not be found in contempt for violating this Court's December 23, 2025 order. Petitioner further moves this Court to order his immediate release and schedule a bond hearing before this Court.

### ARGUMENT

**I.      This Court should order Respondents to show cause as to why they should not be found in contempt for their disobedience of its December 23, 2025 order.**

On December 23, 2025, this Court issued an order that "[n]o later than December 31, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in

1

custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention. Respondents shall submit a status report on this matter no later than January 5, 2026." [D.E. #22].

"Obedience to court orders is vital to the ability of the judiciary to fulfill its constitutionally appointed role. Judicial orders are not suggestions; they are binding commands that the Executive Branch, no less than any other party, must obey." *J.G.G. v. Trump*, 778 F. Supp. 3d 24, 38-39 (D.D.C.), *mandamus granted, order vacated*, 147 F.4th 1044 (D.C. Cir. 2025), citing *Walker v. City of Birmingham*, 388 U.S. 307, 314, 320–21 (1967). "Disagreements with judicial decisions must be resolved through motions, stays, and appeals, not through unilateral noncompliance. The power to hold a party in contempt of court enforces that principle and is accordingly foundational to the rule of law and an essential safeguard against defiance and lawlessness." *Id.*, citing *Michaelson v. United States*, 266 U.S. 42, 65–66 (1924).

Respondents claim in their Status Report filed on December 31, 2025 that a bond hearing was conducted in compliance with this Court's December 23, 2025 order. The hearing was scheduled for December 31, 2025 at 8:30am before Immigration Judge Yul-mi Cho. Counsel for Petitioner as well as counsel for DHS appeared for the hearing. At the hearing, Judge Cho asked counsel for DHS their position of jurisdiction, and counsel for DHS conceded that Judge Cho had jurisdiction to consider bond. Counsel for DHS was then given an opportunity to present arguments on danger and flight risk. Counsel for DHS conceded that they had no argument that Petitioner presents any danger to society but did argue that he is a flight risk given his removal order. Before Petitioner's counsel could make arguments regarding lack of flight risk, Judge Cho concluded that she did not have jurisdiction to consider bond for the Petitioner based on his final

*in absentia* removal order, and that Petitioner is ineligible for bond under INA 241. At no point did Judge Cho make any findings as to danger or flight risk.

This Court's December 23, 2025 was unambiguous: Respondents were required to conduct a bond hearing pursuant to 8 U.S.C. § 1226. A bond hearing pursuant to § 1226 requires that "the government must either prove by clear and convincing evidence that the person is a danger to the community, or prove by a preponderance of the evidence that the person is a flight risk." *Brito v. Garland*, 22 F.4th 240, 246 (1st Cir. 2021). Here, absolutely no substantive inquiry or findings regarding whether Petitioner presents a danger or a flight risk occurred. As Respondents have failed to obey this Court's December 23, 2025 order that a full and complete bond hearing pursuant to 8 U.S.C. § 1226 occur, Petitioner moves this Court to order the Respondents to show cause why they should not be held in contempt for violating that order.

## II.   This Court has authority to grant the Petitioner's immediate release pending the adjudication of this habeas petition.

This court may release the Petitioner on personal recognizance, or alternatively on bail, pending adjudication of his petition pursuant to the Court's inherent *habeas* authority. *See Mapp*, 241 F.3d at 231; *Elkimya v. Dep't of Homeland Sec.*, 484 F.3d 151, 154 (2d Cir. 2007). Numerous courts within this circuit have already ordered release pursuant to Mapp in contexts involving challenges to detention, removal or a combination of both. *See, e.g., Avendaño Hernandez v. Decker*, 450 F. Supp. 3d 443 (S.D.N.Y. 2020); *D'Alessandro v. Mukasey*, No. 08-CV-914, 2009 WL 799957 (W.D.N.Y. Mar. 25, 2009); *S.N.C. v. Sessions*, No. 18 Civ. 7680, 2018 WL 6175902 (S.D.N.Y. Nov. 26, 2018); *Kiadii v. Decker*, 423 F. Supp. 3d 18 (S.D.N.Y. 2018). This Court should do the same.

Under *Mapp*, "a court considering a habeas petitioner's fitness for bail" must analyze (1) whether the habeas petition raises "substantial claims" and (2) whether "extraordinary

3

circumstances" exist "that make the grant of bail necessary to make the habeas remedy effective.'" 241 F.3d at 230 (cleaned up). To raise a substantial claim, the petitioner is not required to "convince every court, let alone the court considering the bail application, that he will succeed; rather, he need only show that his claims are 'substantial.'" *D'Alessandro*, 2009 WL 799957, at *3. This standard is largely akin to demonstrating a "likelihood of success." *See e.g., id*. at *3; *Kiadii*, 423 F. Supp. 3d at 20. At the same time, a broad range of circumstances may qualify as "extraordinary," including severe health issues, lack of flight risk or dangerousness, and the nature of the government behavior giving rise to the habeas claim. *See, e.g., Coronel v. Decker*, 449 F. Supp. 3d 274, 289 (S.D.N.Y. 2020); *D'Alessandro*, 2009 WL 799957, at *3. Where, as here, the petitioner would face "the very outcome they seek to avoid" if they remained in detention pending determination of the merits, release is necessary to make the habeas remedy effective. *See Coronel*, 449 F. Supp. 3d at 289.

      a.    **The Petitioner satisfies the requirements for release under *Mapp*.**

This Court should grant the Petitioner's motion for release. The Petitioner's claim for relief is substantial and the events leading to those claims necessitate release. Each day the Petitioner remains in detention harms his family, hurts his community, risks his health, and rewards the government for its unconstitutional attempts to discriminate against noncitizens and abridge due process protections. Releasing the Petitioner pending final adjudication of his petition is necessary to preserve the effectiveness of the habeas remedy.

      b.    **The Petitioner raises substantial claims for *habeas* relief.**

Through his *habeas corpus* petition and complaint, Petitioner seeks to protect his rights under the Due Process Clause of the Fifth Amendment. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizen], whether their presence

here is lawful, unlawful, temporary or permanent." *Black v. Decker*, 103 F.4th 133, 143 (2d Cir. 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)). "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty that the Clause protects." *Zadvydas*, 533 U.S. at 690. Immigration detention is civil, not criminal, and thus only justified when necessary to ensure a noncitizen's appearance during removal proceedings and to prevent danger to the community. *See Black*, 103 F.4th at 143 (citing *Zadvydas*).

The government's detention of the Petitioner is patently unjustified, as the government has not demonstrated that he is either a flight risk, or a danger, or charged with any violation of law. *Cf. Zadvydas*, 533 U.S. at 690. The Petitioner has been detained for nearly 60 days without any allegations from the Respondents that he is a danger to society. Petitioner's bond hearing was the first instance that Respondents raised arguments in the entire time that Petitioner has been detained that he presents a flight risk because of his *in absentia* removal order. However, as the Petitioner argues in his Motion to Reopen his removal proceedings, his failure to appear at his final immigration court hearing was not willful, but due to his illiteracy and inability to read the notice that informed him of his court date. Furthermore, the Petitioner attempted in good faith to attend his final hearing but was unable to do so through no fault of his own.

C. **The Petitioner's case presents extraordinary circumstances that make the grant of release necessary to render the *habeas corpus* remedy effective.**

The Petitioner's health, his strong community ties, and the violative circumstances of his arrest and detention all present extraordinary circumstances justifying his release during the pendency of this litigation. First, Petitioner's challenge to the constitutionality of the government's decision to detain him while denying him a bond hearing is a significant part of the due process injury at the center of this litigation. Even if the government ultimately releases the

Petitioner at the conclusion of what has been protracted litigation, they will have abridged his Fifth Amendment due process rights for however long they have detained him.

The Petitioner has lived in the United States for 20 years without incident or any criminal history. Additionally, Petitioner suffers from several medical conditions, of which the Respondents conceded they are aware of.[1] Every day of his unlawful detention is not only a violation of his constitutional rights but also presents a grave risk to the Petitioner's health. In light of the reasons described above, release pending the litigation of the petition is necessary to secure him an effective *habeas* remedy.

## **CONCLUSION**

WHEREFORE, Petitioner moves this Court to order the Respondents to show cause as to why the Respondents should not be held in contempt after the Immigration Judge's failure to hold a bond hearing in compliance with this Court's December 23, 2025 order. Petitioner further moves this Honorable Court to order his immediate release and schedule a bond hearing before this Court.

Respectfully submitted,

HECTOR VALLADARES

By and through his counsel,

---

[1] In Respondents evidentiary filed in Petitioner's bond proceedings, Respondents included information that Petitioner takes medicine for blood pressure, cholesterol, and his prostate.

Dated: January 2, 2026

/s/ *Todd C. Pomerleau*
/s/ *Nicole Dill*
Todd C. Pomerleau (MA BBO#664974)
Nicole Dill (MA BBO#709113)
Rubin Pomerleau, P.C.
Two Center Plaza, Suite 520
Boston, Massachusetts 02108
Tel.: (617) 367-0077
Fax: (617) 367-0071
rubinpom@rubinpom.com

### RULE 7.1 CERTIFICATION

I hereby certify that counsel for Petitioner conferred with counsel for Respondents and Respondents oppose the requested relief.

Dated: January 2, 2026                  /s/ *Nicole Dill*
                                         Nicole Dill

### CERTIFICATE OF SERVICE

I, Nicole Dill, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: January 2, 2026                  /s/ *Nicole Dill*
                                         Nicole Dill