UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HECTOR VALLADARES,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, et al.,<br><br>Respondents. | Civil Action No. 1:25-cv-13271-IT |

### RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR ORDER TO SHOW CAUSE AND FOR IMMIEDIATE RELEASE

Respondents respectfully oppose Petitioner's Motion for an Order to Show Cause and for Petitioner's Immediate Release, ECF No. 24. Petitioner has not met his burden for this Court to issue an Order to Show Cause to the Respondents to demonstrate compliance with this Court's December 23, 2025, Order, ECF No. 22. Nor is immediate release appropriate in this case. Respondents also submit that despite indicating she would rule on the motion to reopen by January 5, 2026, the Immigration Judge has not done so, and the motion remains without disposition.

### BACKGROUND

Petitioner is a native and citizen of El Salvador. Declaration of Assistant Field Office Director Keith Chan ("Chan Decl."), ECF No. 18-1 ¶ 6. On or about November 2, 2005, Petitioner entered the United States at a place which was not a port of entry or another place designated by the Attorney General. *Id*. ¶ 7. On the same day, the former Immigration and Naturalization Service ("INS") encountered Petitioner and determined that he did not possess a valid unexpired immigrant visa, reentry border crossing card, or other valid entry document required by the Immigration and

Nationality Act. *Id*. ¶ 7. On the same day, INS issued Petitioner a Notice to Appear, pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), and a Notice of Custody Determination, indicating he would subsequently be released on an order of recognizance. *Id*. ¶ 8.

On or about May 3, 2007, Petitioner failed to appear for his removal proceedings before the Immigration Court and the Immigration Judge ordered him removed in absentia, subjecting him to a final order of removal. *Id*. ¶ 10.

On November 4, 2025, ICE encountered Petitioner and determined that he was subject to a final order of removal. *Id*. ¶ 11. ICE detained Petitioner pursuant to 8 U.S.C § 1231. *Id*. ¶ 11. Petitioner remains detained at Plymouth. *Id*. ¶ 12.

Petitioner filed his original Petition for Writ of Habeas Corpus on November 4, 2025. ECF No. 1. Respondents and Petitioner agreed to move for an extension of time to respond in order to ascertain Petitioner's accurate immigration history, and the motion was granted by this Court. ECF No. 13-14. Petitioner filed the Amended Petition on November 24, 2025, contending that his detention amounts to a constitutional violation, violation of the Administrative Procedure Act, and 8 U.S.C. § 1231. ECF No. 15. Petitioner sought an order from this Court to release him, and in the interim, prevent his transfer outside of the District of Massachusetts. ECF No. 1 at 14-15 (PRAYER FOR RELIEF). Respondents filed a Notice of Intent to Transfer to Effectuate Petitioner's removal, which was denied by this Court. ECF Nos. 19, 22. On December 23, 2025, this Court granted the Amended Petition requiring that Petitioner be provided a bond hearing under 8 U.S.C. § 1226 or if the IJ declined to conduct a bond hearing because of *Matter of Hurtado*, this Court would conduct a bond hearing. *See* ECF No. 22.

On December 31, 2025, the IJ conducted a bond hearing and denied release because his "motion to reopen has been filed and not yet adjudicated. The [Petitioner] is still under a final

removal order entered in absentia. He is ineligible for bond under INA 241 [8 U.S.C. § 1231]." ECF No. 23. On January 2, 2025, Petitioner filed a Motion for an Order to Show Cause and for Immediate Release. ECF No. 24. The Court ordered Respondents' position on the motion, and any subsequent orders by the Immigration Judge regarding the motion to reopen, by January 9, 2025. *See* ECF No. 25.

## LEGAL STANDARDS AND ARGUMENT

### A. Petitioner Has Not Met His Burden To Establish Contempt.

The Supreme Court directs that this Court use its "inherent power" of contempt "with restraint and discretion," because the contempt sanction is "shielded from direct democratic controls." *Roadway Exp., Inc.*, 447 U.S. at 764; *AccuSoft Corp.*, 237 F.3d at 48 (noting "the cautionary principles guiding exercise of the contempt sanction"); *Langton v. Johnston*, 928 F.2d 1206, 1221 (1st Cir. 1991) (explaining that a trial court's discretion to order contempt "must be administered flexibly, with due regard for the circumstances"); *id*. at 1222 (noting that the Supreme Court "emphasized that district judges should exercise the 'least possible power' to achieve the remedial end proposed" (quoting *Spallone v. United States*, 493 U.S. 265, 280 (1990))).

Petitioner bears a "heavy burden of proof" to establish contempt. *AccuSoft Corp.*, 237 F.3d at 50. Petitioner must prove by clear and convincing evidence that "(1) the alleged contemnor had notice of the order, (2) 'the order was clear and unambiguous,' (3) the alleged contemnor 'had the ability to comply with the order,' and (4) the alleged contemnor violated the order." *Hawkins v. Dept. of Health and Human Servs. for N.H.*, 665 F.3d 25, 31 (1st Cir. 2012) (quoting *United States v. Saccoccia*, 433 F.3d 19, 27 (1st Cir. 2005)); *AccuSoft Corp.*, 237 F.3d at 47. But "even if all of these conditions are satisfied, the trial court retains a certain negative discretion; that is, the court retains the authority to eschew the imposition of a contempt sanction if it deems such eschewal to

3

be in the interests of justice in the particular case." *In re Grand Jury Investigation*, 545 F.3d 21, 25 (1st Cir. 2008).

Moreover, "a finding of contempt [may] be averted where diligent efforts result in substantial compliance with the underlying order." *AccuSoft Corp.*, 237 F.3d at 47. Determining whether substantial compliance has been achieved will "depend on the circumstances of each case, including the nature of the interest at stake and the degree to which noncompliance affects that interest." *Fortin v. Comm'r of Mass. Dept. of Pub. Welfare*, 692 F.2d 790, 795 (1st Cir. 1982). For this reason, a court may decline to find a party in contempt despite the failure to achieve "letter-perfect compliance" with the order at issue. *Langton*, 928 F.2d at 1222.

Respondents respectfully aver that this Court's Order was ambiguous. The relevant part of the Order states:

> No later than December 31, 2025, Petitioner must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226 shall set forth the reasons for the continued detention.

ECF No. 22.

It is unclear whether the Court disagreed with Respondents and concluded the proper detention authority is 8 U.S.C. § 1226, rather than 8 U.S.C. § 1231, or whether the Court found that Petitioner's detention violated the Fifth Amendment's Due Process Clause, such that he should be afforded a bond hearing.[1] In the Digital Audio Recording ("DAR") and as conceded by Petitioner in the instant motion, the DHS attorney indicated the Immigration Judge had jurisdiction and made

---

[1] Respondents intend to file a motion for reconsideration of the Order, in part due to this ambiguity.

4

an argument as to the Petitioner's risk of flight under 8 U.S.C. § 1226. *See* ECF No. 24 at 2. The Immigration Judge indicated on the DAR that she was conducting the hearing under 8 U.S.C. § 1226, per this Court's Order and does not find that *Matter of Hurtado* applies, but that another mandatory detention statute, 8 U.S.C. § 1231, applies. *See* ECF No. 23. The Order, by its plain language, did not prohibit the Immigration Judge from finding that 8 U.S.C. § 1231 applies. *See* ECF No. 22.

Petitioner argues that the Order is unambiguous, that Respondents were required to conduct a hearing under 8 U.S.C. § 1226, which requires that the government prove either by clear and convincing evidence that the person is a danger to the community, or prove by a preponderance of the evidence that the person is a flight risk." *Brito v. Garland*, 22 F.4th 240, 246 (1st Cir. 2021). But what is less than clear, is whether the Court required the Immigration Judge to find that, notwithstanding the *unadjudicated* motion to reopen, Petitioner is subject to 8 U.S.C. § 1226 and not — § 1231. Although the Petitioner's filing of the motion to reopen may have stayed ICE's ability to remove him to El Salvador—which the Respondents and the Immigration Judge at the December 31, 2025 hearing acknowledged—until it is granted the regulations do not shift the detention authority from 8 U.S.C. § 1231. *See* 8 C.F.R. § 241.4(b)(1) (stating that an alien who has filed a motion to reopen immigration proceedings *shall* remain subject to the provisions of this section unless the motion to reopen is granted) (emphasis added); 8 C.F.R. § 1003.23(b)(v). The Order is silent as to whether these regulations were considered.

Another hypothetical which is unclear if required by the Order, is whether this Court found that 8 U.S.C. § 1231 is the proper detention authority and that his detention has been unreasonably prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), such that a bond hearing applying 8 U.S.C. § 1226 is warranted. Although the Respondents opposed such a conclusion in its briefing

5

in light of the Supreme Court's decision in *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), such reasoning and conclusion by this Court would have made clear to the Immigration Judge that even though Petitioner is detained pursuant to 8 U.S.C. § 1231, she needed to make findings as to his dangerousness or risk of flight at the bond hearing.

Assuming *arguendo*, that the Order was unambiguous, the Immigration Judge made a diligent effort to comply with the Order. The Immigration Judge heard argument as to the Petitioner's flight risk, as Petitioner concedes, and did not apply *Matter of Hurtado*, which Petitioner cannot argue that she did. ECF No. 24 at 2. Further, the Immigration Judge indicated she would expeditiously rule on the Motion to Reopen and reserved Petitioner's right to appeal the denial of bond. It does not appear that Petitioner claims that ICE, as Respondents, failed to comply with the Order. *See* ECF No. 24 at 2. Although "letter-perfect compliance" may not have been achieved, this Court should not find Respondents in contempt of the Order. *See Langton*, 928 F.2d at 1222.

### B. Immediate Release of Petitioner by this Court is Inappropriate.

Petitioner's release by this Court is inappropriate for several reasons. First, until the motion to reopen is granted, Petitioner remains subject to mandatory detention pursuant to 8 U.S.C. § 1231. 8 C.F.R. § 241.4(b)(1). Second, pursuant to 8 U.S.C. § 1231(a)(3), "if the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations [ 8 C.F.R. § 241.4; 8 C.F.R. § 241.13] prescribed by the Attorney General." The statute makes clear that Petitioner, while subject to a final order of removal who is not removed during the removal period, must only be released on an Order of Supervision by ICE.

Third, Petitioner's citation to *Mapp v. Reno*, 241 F.3d 221 (2d. Cir. 2001) is unavailing. In *Mapp v. Reno*, the Second Circuit held that "the federal courts have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in criminal habeas case." *Id*. at 223. A court considering bail for a habeas petitioner "must inquire into whether 'the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective.' " *Id.* at 230 (alteration in original). To date, the Second Circuit's test in *Mapp* has only been applied in this District with regards to habeas petitions during the COVID-19 pandemic. *See e.g.*, *Savino v. Souza*, 453 F. Supp. 3d 441, 453 (D. Mass. 2020). The Court should not extend *Mapp* to habeas petitions which arise outside of the consequences of the "nightmarish pandemic." *Id*. at 453. Assuming the test in *Mapp* applies and that this Court's Order granting the Amended Petition satisfies the "substantial claims" requirement, extraordinary circumstances are not present such that immediate release is warranted. The Order itself states that this Court may conduct a bond hearing if the Immigration Judge applied *Matter of Hurtado*. *See* ECF No. 22. As discussed above, the Court could also issue an amended order to resolve the discussed ambiguities for the Immigration Judge to conduct another bond hearing. Notwithstanding Petitioner's reference to his medical conditions, there has not been a showing that Petitioner's health is so dire that ICE cannot manage his needs while detained, such that extraordinary circumstances are present to warrant release. *See* ECF No. 24 at 6.

As such, the Respondents respectfully oppose Petitioner's immediate release by the Court.

**C. Status of Petitioner's Motion to Reopen.**

The Court also ordered Respondents to include a status report as to any subsequent orders by the Immigration Judge and, if the motion to reopen is denied and any appeal is filed, any orders by the Board of Immigration Appeals. ECF No. 25. ICE agency counsel informed undersigned

counsel that ICE opposed the motion to reopen on or about January 2, 2026, and that the Immigration Judge has not ruled on the motion to date. ICE agency counsel also indicated that on or about January 8, 2026, ICE filed a motion to expedite the decision on the motion to reopen before the Immigration Court, citing to this Court's Order.[2] Generally, the Immigration Court Practice Manual states that "proceedings for detained aliens are expedited." Imm. Ct. Practice Man. c. 9.1(e), *available at* https://www.justice.gov/eoir/reference-materials/ic/chapter-9/1. Although it is unclear why the Immigration Judge did not rule on the motion, as she indicated she would, on January 5, 2026, the Immigration Court Practice Manual suggests that a disposition should be expeditiously forthcoming. *See id*.

For the foregoing reasons the Petitioner's Motion for an Order to Show Cause and for Petitioner's Immediate Release should be denied.

Dated: January 9, 2026                                Respectfully submitted,

                                                     LEAH B. FOLEY
                                                     United States Attorney

                                         By:   */s/ Erica McMahon*
                                               Special Assistant United States Attorney
                                               United States Attorney's Office
                                               1 Courthouse Way, Suite 9200
                                               Boston, MA 02210
                                               Tel.: 617-748-3271
                                               Email: Erica.McMahon@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Erica McMahon, Special Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

---

[2] The EOIR date-stamped cover pages of ICE's motions are attached as Exhibit 1.

Dated: January 9, 2026                                    By: */s/ Erica McMahon*
                                                          Special Assistant United States Attorney