

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOSTON IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br>VALLADARES, HECTOR ANTONIO<br><br>To:<br>Pomerleau, Todd Christopher<br>Two Center Plaza Suite 520<br>Boston, MA 02108 | A-Number:<br>▇▇▇▇▇091<br>Riders:<br><br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>01/12/2026 |

## ORDER OF THE IMMIGRATION JUDGE

Respondent was ordered removed from the United States *in absentia* on 05/04/2007

☑ Respondent ☐ the Department of Homeland Security has now filed a motion to reopen these proceedings.

Upon reading and considering the motion, and any opposition from the non-moving party, the motion is ☐ granted ☑ denied for the following reason(s):

☑ Failure to demonstrate that Respondent's failure to appear was the result of exceptional circumstances. *See* INA § 240(b)(5)(C)(i), (e)(1).

☑ Failure to demonstrate that the Respondent did not receive notice under INA § 239(a)(1)-(2). *See* INA § 240(b)(5)(C)(ii).

☑ Other:
The Court has familiarized itself with the record in this case. 8 C.F.R. 1240.1(b).

On November 29, 2005, the U.S. Department of Homeland Security (DHS) filed a Notice to Appear (NTA) with the Boston, MA Immigration Court (Court) in the above captioned case. Exh. 1. DHS served the NTA on the respondent in person on November 2, 2005. Id. The NTA listed the date and time for respondent's initial hearing before the Boston, MA Immigration Court as July 6, 2006, at 9:30 am. Respondent appeared at his initial and subsequent hearing. However, on May 3, 2007, respondent did not appear and the Court ordered respondent removed, in absentia, to El Salvador after DHS offered evidence of respondent's removability.

On December 22, 2025, respondent filed a motion seeking to reopen the proceedings.

On January 6, 2026, DHS filed an opposition to the motion.

On January 8, 2026, DHS filed a motion to expedite in this case.

The Court GRANTS the motion to expedite for the reasons set forth in the motion.

For the following reasons, the Court DENIES respondent's motion to reopen.

The Court may reopen any case in which it has made a decision, at any time, upon its own motion, or upon motion of DHS or the respondent, unless jurisdiction is vested with the Board. 8 C.F.R. § 1003.23(b)(1) (2020). As a general matter, motions to reopen are "disfavored as contrary to 'the compelling public interests in finality and the expeditious processing of proceedings.'" Raza v. Gonzalez, 484 F.3d 125, 127 (1st Cir. 2007) (quoting Roberts v. Gonzales, 422 F.3d 33, 35 (1st Cir. 2005)). In addition, there are both procedural and substantive bars to reopening removal proceedings. See Smith v. Holder, 627 F.3d 427, 433 (1st Cir. 2010). A party may only file one motion to reopen, and it must be filed within ninety days of the entry of a final order of removal, deportation, or exclusion, subject to limited exceptions. INA § 240(c)(7)(C)(i) (2020); 8 C.F.R. § 1003.23(b)(1).

These time and numerical limitations do not apply in circumstances where a removal order was entered in absentia. INA § 240(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). An order of removal entered in absentia, or in removal proceedings pursuant to section 240(b)(5) of the Act, may be rescinded only upon a motion to reopen filed within 180 days after the date of the order of removal, if the respondent demonstrates that the failure to appear was because of exceptional circumstances as defined in section 240(e)(1) of the Act. An order entered in absentia pursuant to section 240(b)(5) may be rescinded upon a motion to reopen filed at any time if the respondent demonstrates that he or she did not receive notice in accordance with sections 239(a)(1) or (2) of the Act, or the respondent demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the respondent. INA § 240(b)(5)(C)(ii). However, in accordance with section 240(b)(5)(B) of the Act, no written notice of a change in time or place of proceeding shall be required if the respondent has failed to provide the address required under section 239(a)(1)(F) of the Act. 8 C.F.R. § 1003.23(b)(4)(ii).

The Act requires respondent receive (or be charged with receiving) the NTA containing the particular address obligations associated with removal proceedings and the in absentia consequences of failing to comply with those address requirements before an in absentia order of removal may be entered. Matter of G-Y-R-, 23 I&N Dec. 181 (BIA 2001). This is particularly true when the NTA contains the date and time of respondent's initial hearing before the Court. An immigration judge must order the non-citizen's removal in absentia, so long as DHS establishes by clear, unequivocal, and convincing evidence that the written notice was provided, and that the non-citizen is removable. Ranaut v. Lynch, 791 F.3d 163, 166-167 (2015). The Act assumes that DHS has met this evidentiary burden if it can show that notice was sent by regular mail and there is proof of attempted delivery to the last address provided by the non-citizen in accordance with the Act. Renaut, 791 F. 3d at 166-167.

When considering a motion to reopen premised on a lack of notice, the central issue is no longer whether the notice was properly mailed, as it is for the purpose of initially entering the in absentia order, but rather whether the non-citizen actually received the notice. Renaut, 791 F.3d at 167 (quoting Matter of M-R-A-, 24 I&N Dec. 665, 672 (BIA 2008)). The key issue is whether the respondent received notice in accordance with sections 239(a)(1) and (2) of the Act. Ledesma-Sanchez v. Lynch, 797 F.3d 131, 133 (1st Cir. 2015). Only if he did not would a respondent have grounds for reopening. Id.

A claim of lack of notice of a hearing will fail when a respondent provides the faulty

address to which the notice was sent. Meng Hua Wan v. Holder, 776 F.3d 52 (1st Cir 2015). An individual personally served with a NTA that informed him of the statutory address reporting obligations associated with removal proceedings is required to provide the correct address in the first instance. Matter of Nivelo Cardenas, 28 I&N Dec. 68, 70 (BIA 2020). Inherent in the concept of notice is the implicit obligation that the intended recipient must provide the information necessary for the notice to be received. Id. at 71.

A respondent has received constructive notice of his scheduled hearing, even if he did not receive actual notice of it, when he failed to provide a correct address to the Immigration Court after being advised to do so. Id. A person who does not receive a mailing because he changed his address without telling the immigration authorities cannot claim that he failed to receive notice. Sigaran v Barr, 970 F.3d 1, 4 (1st Cir 2020). A person can only show that he did not receive notice "so long as he complied with the statute's address requirements." Id. (quoting Renaut v. Lynch, 791 F.3d 163, 167 (1st Cir. 2015)).

When a respondent seeks to reopen proceedings based on a claim of lack of receipt of notice, the question to be determined is whether the respondent has presented sufficient evidence to overcome the weaker presumption of delivery attached to notices delivered by regular mail. M-R-A-, 24 I&N Dec. at 673. In adjudicating a motion to reopen premised on a lack of notice, this Court must consider all relevant evidence submitted to overcome the weaker presumption of delivery. M-R-A-, 24 I&N Dec. at 674. This Court must consider all of the evidence and must take a case by case approach. Id. Among the factors this Court may consider in determining whether respondent has rebutted the weaker presumption of regular delivery, include, but are not limited to: (1) the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice. Id.

Exceptional circumstances refer to circumstances such as battery or extreme cruelty to respondent or any child or parent of respondent, serious illness of respondent, or serious illness or death of the spouse, child, or parent of respondent, but not including less compelling circumstances beyond the control of respondent. Section 240(e)(1) of the Act. A motion to reopen proceedings premised on a claim of exceptional circumstances is adjudicated by examining the totality of circumstances. Kaweesa v. Gonzales, 450 F.3d 62 (1st Cir 2006); Matter of S-L-H- & L-B-L-, 28 I&N Dec. 318 (BIA 2021). The emphasis on the totality of the circumstances is "grounded in due process considerations" and the need to "ensure that an alien is not deprived of a meaningful opportunity to be heard." Murillo-Robles v. Lynch, 839 F.3d 88 (1st Cir. 2016) quoting Kaweesa, 450 F.3d at 69-70. The totality of the circumstances approach may also take into account any other factors relevant to the alien's individual case. Matter of S-L-H- & L-B-L-, 28 I&N Dec at 322.

The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits and other evidentiary

material. 8 C.F.R. § 1003.23(b)(3). See also Jupiter v. Ashcroft, 396 F.3d 487, 491 (1st Cir. 2005) (Counsel's factual assertions in pleadings or legal memoranda are not evidence and do not establish material facts). "A motion to reopen will not be granted unless the Immigration Judge is satisfied that the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3).

Though the Court may reopen a case under its sua sponte power, such discretionary authority is used sparingly as a general rule and is not meant to cure filing defects or circumvent the regulations. See Matter of Beckford, 22 I&N Dec. 1216 (BIA 2000); Matter of J-J-, 21 I&N Dec. 976 (BIA 1997). Nor is it meant to be a "general remedy for any hardships created by enforcement of the time and number limits in the motions regulations, but rather as an extraordinary remedy reserved for truly exceptional situations." Matter of G-D-, 22 I&N Dec. 1132, 1133 (BIA 1999); see also Matter of Jean, 23 I&N Dec. 373, 380 n. 9 (A.G. 2002).

Respondent requests reopening based on a lack of notice. Thus, respondent's motion is not time barred. 8 C.F.R. § 1003.23(b)(4)(ii). In his affidavit attached to his motion respondent states, in part: "I cannot read or write in Spanish or English." Respondent also acknowledges in his affidavit that he went to court twice in 2006. According to respondent, "At the second hearing he was given a piece of paper letting me know about the next court date. However, because I cannot read English or Spanish, I could not read it." Respondent states in his affidavit that his cousin read the notice to him and told respondent his next hearing was on May 5, 2007.

According to respondent's affidavit he went to the Court on May 5, 2007, but was informed his next date was May 3, 2007, and was told he missed his hearing and there was nothing he could do.

A review of the record proceedings reveals the Court issued a Notice of Hearing on November 2, 2006, directing respondent to appear before the Court on March 27, 2007, at 1:00 pm. Exh. 4. That notice was served personally on respondent. Id.

On April 4, 2007, the Court issued a Notice of Hearing directing respondent to appear before the Court on May 3, 2007, at 4:00 pm. That notice was mailed to respondent by court staff on April 4, 2007, to the address of 7 Wilton Street, Suite 1A, Brighton, MA 02134. Exh. 5. This appears to be the Notice of Hearing respondent refers to in his affidavit.

A note in the record of proceedings from court staff indicates respondent appeared at the Court on May 4, 2007, thinking it was their trial date.

Most importantly, respondent states in his affidavit how his cousin read the notice to him but erroneously told him the hearing date was May 5, 2027, thereby preventing him from receiving actual notice of the hearing. Thus, according to respondent's own affidavit, he did actually receive the Notice of Hearing directing him to be present in Court on May 3, 2007, at 4:00 pm.

Nonetheless, respondent argues he did not receive actual notice due to his illiteracy. Respondent's motion and affidavit state he did not receive notice of the hearing and was not aware of the hearing date because he is illiterate in English and Spanish, could not read the notice, and relied on his cousin who provided the wrong hearing date.

Essentially, respondent is arguing he was relieved of knowing or learning the contents of the Notice of Hearing because he could not read English or Spanish. However, the Act does not contemplate such willful blindness. The Act itself allows for DHS to serve Notices of Hearing on respondents by regular mail. §239(a)(2) of the Act. Obviously, if the Court is allowed to serve a Notice of Hearing on a respondent by mail it follows that the Court will not read the contents of the notice to respondent, including the date, time, and place of respondent's next hearing before the Court.

In light of the Court's ability to serve a Notice of Hearing by mail, it does not follow that the Court must read the contents of the notice to respondent to effect proper notice of the next hearing date. Otherwise, the Court's ability to serve Notices of Hearing on respondents by mail would be rendered meaningless. Service of the Notice of Hearing on respondent, by its nature, requires respondent to either read the notice or to affirmatively take steps to learn its contents.

Additionally, the overwhelming majority of respondents do not speak or understand the English language. Nonetheless, Congress chose to eliminate the prior requirement that a Notice of Hearing be in the English and Spanish languages. See former §242B(a)(3)(A). The mere fact that a respondent does not understand Spanish or English cannot constitute a lack of notice, especially when Congress abandoned the requirement that the notice be in English and Spanish.

Given respondent's admissions in his affidavit, the Court finds respondent received actual notice of the May 3, 2007, hearing date.

Also, respondent's argument that exceptional circumstances prevented his appearance before the Court is untimely. Respondent filed his motion well more than 180 days after he was ordered removed, in absentia. Therefore, it is untimely and must be DENIED. See 240(b)(5) of the Act.

Respondent argues the 180 day time limit should be equitably tolled as it relates to his argument that exceptional circumstances prevented him from attending his hearing. To succeed, respondent would have to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing by the deadline. Quiroa-Motta v. Garland, 993 F.3d 25 (2021).

In his affidavit, respondent acknowledges he learned he had missed his hearing date when he appeared at the Court on May 5, 2007, and was told there was nothing he could do. Notably, respondent does not identify who made such a statement to him.

Respondent apparently did not look into the matter until 2010, when, according to his affidavit, he went to see an immigration lawyer to see if there was anything he could do. However, according to respondent's affidavit, he was told there was nothing that could be done because his case had already been lost. Again, respondent fails to identify who made such a statement to him.

Respondent did not take any further action to address his immigration case until DHS arrested respondent in November of 2025, based on the outstanding order of removal. Thus, after learning he missed his hearing date in 2007, respondent took no action until 2025, over eighteen years later.

Accordingly, respondent has not established he diligently pursued his rights because he waited over eighteen years to file the motion to reopen and he did so only in response

to DHS arresting him on account of the in absentia order of removal. Additionally, respondent does not explain in his affidavit what extraordinary circumstances stood in his way of filing the instant motion. He offers no explanation whatsoever as to what prevented him from filing the instant motion until December of 2025, other than a vague reference to visiting an immigration attorney in 2010 and being told there was not anything he could do. Accordingly, respondent has failed to establish the 180 day deadline should be equitably tolled. The Court DENIES respondent's request to equitably toll the 180 day deadline.

Even if the motion were timely the Court finds respondent has failed to establish exceptional circumstances prevented him from attending his hearing. In support of his claim, respondent relies on the aforementioned language barrier and that his cousin provided the wrong date to respondent.

As to the alleged language barrier, the Court examines the totality of circumstances. The Court finds respondent has failed to establish exceptional circumstances prevented him from attending his hearing. Respondent's lack of familiarity with the Spanish and English languages can hardly be considered exceptional. Most respondents do not speak and understand English, and many do not read Spanish. Yet, respondent was on notice to investigate when his next hearing would take place. Respondent had appeared before the Court for two prior hearings. The Court explained to respondent, through a Spanish interpreter, about the importance of appearing before the Court and the penalties for failing to appear.

Respondent checked with his cousin concerning the notice but the cousin provided respondent the wrong date. The Court notes the absence of any corroborating evidence that respondent's cousin provided the wrong date. While unfortunate, the fact that respondent's cousin misread the date on the Notice of Hearing can hardly be deemed exceptional. It certainly does not rise to the level of exceptional circumstances as defined section 240(e)(1) of the Act.

Accordingly, the Court finds respondent has failed to establish exceptional circumstances prevented him from attending his May 3, 2007, hearing.

The Court declines to exercise its sua sponte authority as respondent has not established a truly exceptional situation in need of an extraordinary remedy. Matter of G-D-, 22 I&N Dec. at 1133; see also Matter of Jean, 23 I&N Dec. 373, 380 n.9 (AG 2002).

The Court acknowledges respondent's high cholesterol. But the respondent does not identify what his other health issues are, other than a vague reference to "...multiple blood pressure, ..., as well as colon and stomach issues. Respondent does not provide any formal medical diagnosis in his affidavit.

According to respondent, if the Court were to reopen his case he would pursue asylum or any other form of relief that would allow him to remain in the United States. Yet, respondent does not identify the nature of his fear of returning to El Salvador or how he would qualify for asylum given the requirement to file an asylum application within one year of entering the United States. See §208(a)(2)(B) of the Act.

Respondent has failed to establish truly exceptional circumstances warranting reopening. Therefore, the Court declines to exercise its sua sponte authority to reopen this case.

For all of the aforementioned reasons, the Court DENIES respondent's motion to reopen

his removal proceedings.

If either party wishes to appeal the Court's decision the Notice of Appeal must be received by the Board of Immigration Appeals within thirty (30) days of this decision.

Immigration Judge: Furlong Jr., John 01/12/2026

Appeal:  Department of Homeland Security: ☐ waived  ☐ reserved
         Respondent:                       ☐ waived  ☐ reserved

Appeal Due:

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ M ] Alien atty/rep. | [ M ] DHS
Respondent Name : VALLADARES, HECTOR ANTONIO | A-Number : ███-091
Riders:
Date: 01/13/2026 By: Lapinskas, Rolandas, Court Staff